UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DIANE BLAS, as Trustee of the RAY & VIRGINIA
HUNTER INTERVIVOS TRUST, Derivatively On       :
Behalf of Nominal Defendant,

                                                                        :

          Plaintiff,

                                                                         :     Civil Action No. 08-015

          vs.

                                                                         :

E. STANLEY O'NEAL, AHMASS L. FAKAHANY,
GREGORY J. FLEMING and JEFFREY N.
EDWARDS,                                                                    :

          Defendants,                                   :

          and                                                     :

MERRILL LYNCH & CO., INC.,                                     :

          Nominal Defendant.                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM IN SUPPORT OF THE MOTION TO STAY
PROCEEDINGS PENDING DETERMINATION OF THE JUDICIAL
<u>PANEL ON MULTIDISTRICT LITIGATION</u>**

|  |  |
|---|---|
| | Edward P. Welch (I.D. No. 671) |
| | Paul J. Lockwood (I.D. No. 3369) |
| | SKADDEN, ARPS, SLATE, |
| |   MEAGHER & FLOM LLP |
| | One Rodney Square |
| *Of The New York Bar:* | P.O. Box 636 |
| Jay B. Kasner | Wilmington, DE  19899 |
| Scott D. Musoff | Tel.: 302-651-3000 |
| SKADDEN, ARPS, SLATE, | Fax: 302-651-3001 |
|   MEAGHER & FLOM LLP | |
| Four Times Square | *Attorneys for Merrill Lynch & Co., Inc.* |
| New York, New York 10036 | |
| Tel: 212-735-3000 | |
| Fax: 212-735-2000 | |

DATED:  January 14, 2008

**TABLE OF CONTENTS**

TABLE OF CASES ................................................................................................................. i

PRELIMINARY STATEMENT ............................................................................................. 1

SUMMARY OF THE ARGUMENT ...................................................................................... 2

NATURE AND STAGE OF THE PROCEEDINGS ............................................................. 4

FACTUAL BACKGROUND .................................................................................................. 5

ARGUMENT ............................................................................................................................ 6

      THIS ACTION SHOULD BE STAYED PENDIN RESOLUTION OF THE
          MDL TRANSFER MOTION ................................................................................... 6

      A.    The Balance of Factors Favors The Issuance of a Stay ........................................ 6

CONCLUSION ....................................................................................................................... 11

## TABLE OF CASES

**CASES**                                                                                          **PAGE(S)**

Aikins v. Microsoft Corp.,
    No. 00-0242, 2000 U.S. Dist. LEXIS 4371 (E.D. La. Mar. 24, 2000).................. 8

Am. Seafood, Inc. v. Magnolia Processing, Inc.,
    Civ. A. Nos. 92-1030, 92-1086, 1992 U.S. Dist. LEXIS 7374
    (E.D. Pa. May 6, 1992)....................................................................................3, 7, 8, 9

Arthur-Magna, Inc. v. Del-Val Fin. Corp.,
    Civ. A. No. 90-4378, 1991 U.S. Dist. LEXIS 1431 (D.N.J. Feb. 1, 1991) .....2, 3, 7

Commonwealth Ins. Co. v. Underwriters, Inc.,
    846 F.2d 196 (3d Cir. 1988) ................................................................................. 6

Hertz Corp. v. Gator Corp.,
    250 F. Supp. 2d 421 (D.N.J. 2003) ................................................................... 2, 7

Landis v. N. Am. Co.,
    299 U.S. 248 (1936) .............................................................................................. 6

MacAlister v. Guterma,
    263 F.2d 65 (2d Cir. 1958) ................................................................................... 9

Med. Soc'y v. Conn. Gen. Corp.,
    187 F. Supp. 2d 89 (S.D.N.Y. 2001) .................................................................... 3

Nekritz v. Canary Capital Partners, LLC,
    Civ. A. No. 03-5081 (DRD), 2004 U.S. Dist. LEXIS 12473
    (D.N.J. Jan. 12, 2004)...................................................................................2, 7, 9,

Portnoy v. Zenith Labs.,
    Civ. A. No. 86-3512, 1987 U.S. Dist. LEXIS 16134
    (D.D.C. Apr. 21, 1987)....................................................................................3, 10

Register v. Bayer Corp.,
    No. Civ. A. 02-1013, 2002 U.S. Dist. LEXIS 13438
    (E.D. La. July 16, 2002) ...................................................................................... 10

Republic of Venezuela ex rel. Nepomuceno Garrido v. Philip Morris Cos.,
    Case No. 99-0586-CIV-UB, 1999 U.S. Dist. LEXIS 22742
    (S.D. Fla. Apr. 28, 1999) ...........................................................................4, 7, 9, 10

Rivers v. Walt Disney Co.,
    980 F. Supp. 1358 (C.D. Cal. 1997)............................................................3, 7, 8

Rosenfeld v. Hartford Fire Ins. Co.,
    Nos. 88 Civ. 2153, 88 Civ. 2252, 1988 U.S. Dist. LEXIS 4068
    (S.D.N.Y. May 12, 1988) ................................................................................. 3, 9

Scott v. Bayer Corp.,
    No. Civ. A. 03-2888, 2004 U.S. Dist. LEXIS 371
    (E.D. La. Jan. 12, 2004)......................................................................................... 3

Sevel v. AOL Time Warner, Inc.,
    232 F. Supp. 2d 615 (E.D. Va. 2002).................................................................... 3

Tench v. Jackson Nat'l Life Ins. Co.,
    No. 99 C 5182, 1999 U.S. Dist. LEXIS 18023
    (N.D. Ill. Nov. 10, 1999) .................................................................................. 3, 8

Weinke v. Microsoft Corp.,
    84 F. Supp. 2d 989 (E.D. Wis. 2000) ............................................................... 3, 8

Merrill Lynch & Co., Inc. ("Merrill Lynch"), on its own behalf and for the benefit of all defendants, respectfully submits this Memorandum in support of its motion to stay all proceedings in this action until 10 days after the Judicial Panel on Multidistrict Litigation (the "MDL Panel") rules on Merrill Lynch's motion to transfer this related action for coordination for pretrial purposes to the United States District Court for the Southern District of New York where 17 other related federal actions are currently pending. Merrill Lynch has been advised that the MDL Panel will hear argument on this application in March, 2008.

## PRELIMINARY STATEMENT

This case is one of 20 federal actions[1] (collectively, "the Actions") commenced in the wake of Merrill Lynch's announcement that it had been adversely impacted -- as with many financial institutions throughout the country -- by recent developments in the credit markets, including the effects relating to so-called subprime loans. The actions allege violations of the federal securities laws; violations of ERISA; breaches of fiduciary duty; abuse of control and/or corporate waste; and/or claims for indemnity/contribution. Currently, 17 of the Actions are pending in the United States District Court for the Southern District of New York. The purported derivative action in this Court is one of only two federal actions pending outside of the Southern District of New York. This action and another purported derivative action pending in the District of New Jersey are duplicative of the three derivative actions pending in the Southern District of New York. Merrill Lynch filed its motion to transfer all related actions to the

---

[1] One action, Savena v. O'Neal, 07 CV 9837 (LBS) (SDNY), has subsequently been dismissed.

Southern District of New York before the MDL Panel on January 9, 2007 and anticipates that the motion will be heard in the March session.

In the absence of a stay of this action, the ability of the MDL Panel to advance the just and efficient conduct of the actions by avoiding inconsistent pretrial rulings, avoiding duplicative proceedings and conserving the resources of the parties and the judiciary will be adversely impacted. The inherent concerns associated with multiple related actions involving many of the same legal and factual issues proceeding simultaneously in different places are particularly acute where the duplicative litigation involves derivative actions – shareholder actions purportedly brought on behalf of and for the benefit of the corporation.

## SUMMARY OF THE ARGUMENT

1.  Courts in this circuit have routinely stayed actions – even in cases where dispositive motions were pending – until the MDL Panel determined an appropriate transferee court for the purpose of pretrial coordination or consolidation. See Hertz Corp. v. Gator Corp., 250 F. Supp. 2d 421, 428 (D.N.J. 2003) (staying case, including a pending motion for preliminary injunction, until the MDL Panel ruled on a transfer motion); Nekritz v. Canary Capital Partners, LLC, Civ. A. No. 03-5081 (DRD), 2004 U.S. Dist. LEXIS 12473, at *14 (D.N.J. Jan. 12, 2004) (finding that interests of judicial economy were best served by a stay pending MDL Panel decision on transfer motion, with little or no disadvantage to the plaintiff); Arthur-Magna, Inc. v. Del-Val Fin. Corp., Civ. A. No. 90-4378, 1991 U.S. Dist. LEXIS 1431, at *4 (D.N.J. Feb. 1, 1991) (staying case pending MDL Panel decision on transfer motion, finding that "even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are

2

considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay.'); Am. Seafood, Inc. v. Magnolia Processing, Inc., Civ. A. Nos. 92-1030, 92-1086, 1992 U.S. Dist. LEXIS 7374, at *3 (E.D. Pa. May 6, 1992) (court granted stay pending MDL Panel decision to conserve judicial resources).[2]

       2.     The balance of factors considered when deciding whether to grant a stay pending a decision by the MDL Panel strongly favor the issuance of a stay of this case. The factors courts look to in deciding whether a stay is proper are: prejudice to the

---

[2] Moreover, courts in virtually every other circuit have stayed matters before them pending the MDL Panel's determination of a transferee jurisdiction, citing as the overriding purpose of the stay to enhance the just and efficient coordination of multidistrict litigation. See, e.g., Sevel v. AOL Time Warner, Inc., 232 F. Supp. 2d 615, 616 (E.D. Va. 2002) (court stayed proceedings concerning choice of lead plaintiff and lead counsel pending MDL Panel decision on motion to transfer to avoid confusion and duplication of effort, and to further the purposes of the MDL Panel proceeding); Rosenfeld v. Hartford Fire Ins. Co., Nos. 88 Civ. 2153, 88 Civ. 2252, 1988 U.S. Dist. LEXIS 4068, at *4 (S.D.N.Y. May 12, 1988) (court held that a stay pending an MDL Panel decision on a transfer motion was warranted to further the underlying purposes of coordination of multidistrict litigation: "'to promote the just and efficient conduct of such actions.' 28 U.S.C. § 1407(a)"); Scott v. Bayer Corp., No. Civ. A. 03-2888, 2004 U.S. Dist. LEXIS 371, at *5 (E.D. La. Jan. 12, 2004) (court grants stay pending ruling by MDL Panel, finding that the plaintiff will not be unduly prejudiced and the stay will serve interests of judicial economy and minimize risk of inconsistent rulings in related cases); Portnoy v. Zenith Labs., Civ. A. No. 86-3512, 1987 U.S. Dist. LEXIS 16134, at *2 (D.D.C. Apr. 21, 1987) (court stayed case pending decision on transfer by the MDL Panel, finding that stay would further judicial economy and that plaintiffs would not be prejudiced by minimal stay); Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (the "majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved."); Med. Soc'y v. Conn. Gen. Corp., 187 F. Supp. 2d 89, 91 (S.D.N.Y. 2001) (court found that a stay pending a decision on MDL transfer was the "preferable practice"); Weinke v. Microsoft Corp., 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000) (court granted stay pending MDL Panel transfer decision after finding that it would serve the interests of judicial economy and avoid inconsistent results in multiple venues); Tench v. Jackson Nat'l Life Ins. Co., No. 99 C 5182, 1999 U.S. Dist. LEXIS 18023, at *5 (N.D. Ill. Nov. 10, 1999) (court stayed action pending MDL Panel transfer decision after finding that stay would serve judicial economy).

non-movant, hardship, and inequity to the movant if there is no stay, and the impact on judicial resources.  See Republic of Venezuela ex rel. Nepomuceno Garrido v. Philip Morris Cos., Case No. 99-0586-CIV-UB, 1999 U.S. Dist. LEXIS 22742, at *6 (S.D. Fla. Apr. 28, 1999).  Here, all three favors favor granting a stay pending a decision by the MDL Panel.  First, concerns of judicial economy are significant because it would be a waste of judicial resources for the transferor court to expend resources on a case that may subsequently be transferred.  Second, forcing the corporation to defend nearly identical derivative actions in multiple fora also wastes corporate assets, the same assets the plaintiffs purportedly seek to protect.  And third, the plaintiffs will experience no prejudice because the stay will only be of modest duration.

## NATURE AND STAGE OF THE PROCEEDINGS

Diane Blas, as Trustee of the Ray & Virginia Hunter Intervivos Trust filed the complaint in this derivative action on December 12, 2007 in the Delaware Court of Chancery, seeking contribution, damages, injunctive relief, restitution and disgorgement of unjust enrichment, and attorney's fees and costs.  On behalf of Merrill Lynch, the complaint alleges that that the defendants, E. Stanley O'Neal, Ahmass L. Fakany, Gregory J. Fleming and Jeffrey N. Edwards, breached their fiduciary duties by issuing materially false and misleading information regarding Merrill Lynch's projected exposure to subprime lending liability.

On January 9, 2008, Merrill Lynch, with the consent of the individual defendants, filed a Notice of Removal, removing this case to this court.  On January 9, 2008, Merrill Lynch also filed a Notice of Filing Notice of Removal in the Delaware Court of Chancery.

4

On January 9, 2008, Merrill Lynch also filed a motion before the MDL Panel to have this action transferred to the United States District Court for the Southern District of New York for coordination for pretrial purposes with the related actions.

## FACTUAL BACKGROUND

On October 24, 2007, Merrill Lynch announced its third quarter results, including a write-down of $7.9 billion across CDOs and U.S. subprime mortgages. Following that announcement, 18 related actions were filed in, or removed to, the Southern District of New York. The complaints in the Actions allege the same basic facts concerning Merrill Lynch's exposure to the CDO and subprime markets; the alleged issuance of false and misleading information in public filings with the Securities and Exchange Commission and elsewhere relating thereto; and the alleged conduct of Merrill Lynch senior management and/or its board of directors. Of the 18 Actions that were commenced in, or removed to, the Southern District of New York, three are derivative actions, five are federal securities laws actions and ten are ERISA actions. They are assigned, or are in the process of being assigned, to the Honorable Leonard B. Sand.

Two purported derivative actions were filed in the Southern District of New York on November 1 and 8, 2007. A third purported derivative action was removed from the Supreme Court of the State of New York to the Southern District of New York on December 7, 2007 (together with the November 1 and 8 actions, the "Southern District Derivative Actions"). More than five weeks after the first action was filed in the Southern District of New York, this purported derivative action was filed in the Delaware Court of Chancery. Merrill Lynch removed this action and filed a motion on January 9,

2008 to have it transferred to the Southern District of New York through the MDL Panel. (See January 14, 2008 Declaration of Scott D. Musoff ("Musoff Decl.") at ¶ 2.)

Plaintiffs in the Southern District Derivative Actions allege that the actions were brought on behalf, and for the benefit, of Merrill Lynch against certain members of the board of directors and executive officers. The challenged conduct arises from the adverse impact on Merrill Lynch from its exposure to CDO and subprime related markets, as well as the alleged dissemination by Merrill Lynch of false and misleading statements related thereto. Here, the complaint largely quotes from allegations in the securities class actions pending in the Southern District of New York regarding Merrill Lynch's exposure to CDO and subprime risks. (See Compl. ¶¶ 3-4, 34-37) Plaintiff further alleges that defendants "each had a duty to disseminate truthful information with respect to investors in compliance with the integrated disclosure provisions of the SEC regulations . . . . " (Compl. ¶ 54.)

## ARGUMENT

### THIS ACTION SHOULD BE STAYED PENDING RESOLUTION OF THE MDL TRANSFER MOTION

**A.     The Balance of Factors Favors The Issuance of a Stay**

This Court enjoys broad discretion to issue a stay as part of its inherent power "to control ... its docket" in the interest of "economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Commonwealth Ins. Co. v. Underwriters, Inc., 846 F.2d 196, 199 (3d Cir. 1988). When specifically considering whether to grant a stay pending a decision by the MDL Panel, courts look to three factors to decide whether a stay is proper: prejudice to the non-movant, hardship and inequity to the movant if there is no stay, and the impact on judicial

resources. See Republic of Venezuela, 1999 U.S. Dist. LEXIS 22742, at *6; Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). The circumstances of this case strongly favor issuance of a brief stay pending the MDL Panel's decision.

The aforementioned concerns of economy and effort for the Court and litigants are particularly pronounced when the MDL Panel is considering transferring actions or consolidation and coordination of proceedings. Accordingly, as one district court has recognized, it is "often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL panel because of the judicial resources that are conserved." Rivers, 980 F. Supp. at 1362.

The reasons for this familiar practice are evident. See Hertz Corp., 250 F. Supp. 2d at 428 (court stayed case, including a pending motion for preliminary injunction, until the MDL Panel ruled on a transfer motion); Nekritz, 2004 U.S. Dist. LEXIS. 12473, at *14 (court found that interests of judicial economy were best served by a stay pending MDL Panel decision on transfer motion, with little or no disadvantage to the plaintiff); Arthur-Magna, 1991 U.S. Dist. LEXIS 1431, at *4 (court stayed case pending MDL Panel decision on transfer motion, finding that "even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay."); Am. Seafood, 1992 U.S. Dist. LEXIS 7374, at *3 (court granted stay pending MDL Panel decision to conserve judicial resources). First, as explained at length in Rivers, judicial resources are, more or less by definition, conserved. See Rivers, 980 F. Supp. at 1361-62. When the MDL Panel is considering a motion to transfer, if the transferor court expends resources on the case and the transfer subsequently occurs, the

court "will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." Id. at 1360. In the same vein, efforts "concerning case management will most likely have to be replicated by the [new] judge…." Id. at 1360-61. "[S]tays are frequently granted [in these circumstances] to . . . preserve valuable judicial resources." Tench, 1999 U.S. Dist. LEXIS 18023, at *3. Other cases invariably articulate similar concerns. See also Weinke, 84 F. Supp. 2d at 990 (granting stay of action, including remand motion, noting that "in light of the pending MDL Panel ruling on transfer, this action should be stayed in the interest of judicial economy and to avoid inconsistent results."); Aikins v. Microsoft Corp., No. 00-0242, 2000 U.S. Dist. LEXIS 4371, at *5 (E.D. La. Mar. 24, 2000) ("[T]he interests of judicial economy would best be served by granting a stay."). Thus, as a matter of common sense, there can be no question that, where, as here, the MDL Panel is expected to rule on the transfer of actions, and the filed action is only in its very preliminary stages, the factor implicating judicial resources weighs overwhelmingly in favor of a stay.

Second, equally clear from the cases is that, again practically by definition, defendants who must defend actions in multiple jurisdictions will be prejudiced by the absence of a stay under these circumstances. In this case, for example, in the absence of a stay the defendants risk multiple proceedings on the same issues. Such circumstances greatly favor a stay, and the cases so recognize. See, e.g., Aikins, 2000 U.S. Dist. LEXIS 4371, at *5 (reasoning that stay pending MDL Panel decision was warranted because defendant "would suffer a considerable hardship and inequity if forced to simultaneously litigate multiple suits in multiple courts" as well as "potentially suffer conflicting rulings by different judges …"); accord Am. Seafood, 1992 U.S. Dist. LEXIS 7374, at *6 ("The

8

duplicative motion practice ... demonstrate[s] that judicial economy and prejudice to the defendants weigh heavily in favor of the stay."); see also Rosenfeld, 1988 U.S. Dist. LEXIS 4068, at *4 (holding that stays pending decision by MDL Panel were "warranted . . . to further the underlying purposes of coordination of multidistrict litigation …").

These issues are of greater concern when derivative actions are involved. In a derivative action, the plaintiff purports to bring the action on behalf, and for the benefit, of the corporation. To force the corporation to defend nearly identical derivative actions in multiple forums would be an utter waste of corporate resources – the very resources the plaintiff purports to seek to protect. See, e.g., MacAlister v. Guterma, 263 F.2d 65, 68 (2d Cir. 1958) (derivative actions often call for "special treatment" because the cost of defending multiple suits by stockholders "may well do serious harm to the very corporation in whose interest they are supposedly brought"). Accordingly, the MDL's transfer of those two actions to the Southern District of New York will conserve the resources of the judiciary and Merrill Lynch, on whose behalf plaintiff purports to act.

The third, and only other factor to be considered in deciding the propriety of a stay, is whether there will be prejudice to the plaintiffs. In the circumstances of this case, the answer is an unequivocal "no." This action was only recently commenced. Moreover, the stay will be of a modest duration. Based on information Merrill Lynch has received, the MDL Panel is sitting in March to consider the transfer request, and a decision likely will issue promptly thereafter. (See Musoff Decl. at ¶ 4.) Under similar circumstances, courts have repeatedly held that a brief delay causes no prejudice to the plaintiffs. See, e.g., Nekritz, 2004 U.S. Dist. LEXIS 12473, at *15; see also Republic of

9

Venezuela, 1999 U.S. Dist. LEXIS 22742, at *6 (holding that the "brief stay" pending the MDL Panel's decision would not prejudice plaintiff); Register v. Bayer Corp., No. Civ. A. 02-1013, 2002 U.S. Dist. LEXIS 13438, at *4 (E.D. La. July 16, 2002) (holding that plaintiff would not be prejudiced by a temporary stay until the MDL Panel's decision); Portnoy, 1987 U.S. Dist. LEXIS 16134, at *2 (granting stay where plaintiffs would not be prejudiced by "a short-term stay").

## **CONCLUSION**

For all the foregoing reasons, this action should be stayed until 10 days after the MDL Panel decides Merrill Lynch's motion to transfer.

*/s/ Paul J. Lockwood*
Edward P. Welch (I.D. No. 671)
Paul J. Lockwood (I.D. No. 3369)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Rodney Square
Wilmington, Delaware 19801
Tel.: 302-651-3000
Fax: 302-651-3001
E-mail: Paul.Lockwood@skadden.com

*Attorneys for Merrill Lynch & Co., Inc.*

*Of The New York Bar:*

Jay B. Kasner
Scott D. Musoff
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Tel.: 212-735-3000
Fax: 212-735-2000


DATED: January 14, 2008