UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DIANE BLAS, as Trustee of the RAY & VIRGINIA
HUNTER INTERVIVOS TRUST, Derivatively On     :
Behalf of Nominal Defendant,

                                                 :

               Plaintiff,

                                           :     Civil Action No. 08-015

               vs.

                                           :

E. STANLEY O'NEAL, AHMASS L. FAKAHANY,
GREGORY J. FLEMING and JEFFREY N.
EDWARDS,

                                         :

             Defendants,

                                         :

             and

MERRILL LYNCH & CO., INC.,     :

             Nominal Defendant.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF SCOTT D. MUSOFF IN SUPPORT OF MERRILL LYNCH & CO.,
INC.'S MOTION TO STAY PROCEEDINGS PENDING DETERMINATION OF THE
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

       1.       I, Scott D. Musoff, am a member of the law firm of Skadden, Arps, Slate,

Meagher & Flom LLP, co-counsel for Merrill Lynch & Co., Inc. ("Merrill Lynch") in the above

captioned action.  I submit this declaration in support of Merrill Lynch's Motion to Stay

Proceedings Pending Determination of the Judicial Panel on Multidistrict Litigation.  I am

admitted in the United States District Courts for the District of New Jersey and the Southern

District of New York in addition to other federal courts.

2.      Annexed hereto as Exhibit A is a true and correct copy of Merrill Lynch's Motion to Transfer filed January 9, 2008 (the "Transfer Motion") with the Judicial Panel on Multidistrict Litigation (the "MDL Panel").

3.      Annexed hereto as Exhibit B is a true and correct copy of Merrill Lynch's Memorandum of Law in Support of its Motion, Pursuant to 28 U.S.C. § 1407, For Centralization and Transfer to the Southern District of New York.

4.      I have been advised by personnel in the office of the clerk of the MDL Panel that the Transfer Motion will be heard by the MDL Panel on its March, 2008 calendar.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 14, 2008, New York, New York.

Scott D. Musoff

# EXHIBIT A

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| IN RE MERRILL LYNCH & CO., INC. SECURITIES, ERISA AND DERIVATIVE LITIGATION | ) ) ) ) ) | MDL Docket No. _____ <br><br> <u>MOTION TO TRANSFER</u> |

   Merrill Lynch & Co., Inc. ("Merrill Lynch") respectfully moves the Panel for an

Order, pursuant to 28 U.S.C. § 1407, centralizing 20 actions by transferring two related actions

and any tag-along actions to the United States District Court for the Southern District of New

York for consolidation or coordination with the 18 related actions currently pending in that

District. In support of such transfer, and as set forth in greater detail in the accompanying

Memorandum of Law, Merrill Lynch states the following:

<u>BASIS FOR THIS MOTION</u>

   1.  As of January 9, 2008, 20 federal actions have been filed, including 18 in

the United States District Court for the Southern District of New York (the "Southern District

Actions"), alleging (among other things) that Merrill Lynch and various individually named

defendants violated, among other things, federal securities laws and ERISA, in connection with

Merrill Lynch's announcements that its third quarter financial results had been impacted by adverse developments in the credit markets, including relating to collateralized debt obligations ("CDOs") and subprime mortgages.  Two such actions were initially commenced in state courts and have since been removed and are pending in the United States District Court for the District of Delaware captioned <u>Diane Blas (Trustee to Hunter Inter Vivos Trust) v. E. Stanley O'Neal, et al.</u>, Case No. 08-15 (D. Del.) and the United States District Court for the District of New Jersey captioned <u>David Eidman v. Ernest Stanley O'Neal, et al.</u>, 08 CV _____ (D.N.J.) (collectively, the "Related Actions").

      2.     This motion seeks the transfer of the Related Actions and any subsequently filed tag-along actions to the United States District Court for the Southern District of New York.  The Southern District Actions are either before or, we understand, are in the process of being assigned to the Honorable Leonard B. Sand of that Court.  The Related Actions and Southern District Actions are reflected in a schedule provided in accordance with J.P.M.L. Rule 7.2(a)(ii), which is provided as Exhibit A to the Memorandum and is also annexed hereto for the convenience of the Panel.

      3.     Because the Related Actions and the Southern District Actions arise from the same set of alleged facts and because many of the individually named defendants in the Related Actions and the Southern District Actions are common, the Related Actions should be transferred to the Southern District of New York for the reasons listed herein and the reasons set forth in Merrill Lynch's Memorandum of Law in Support of Motion for Transfer.  Absent transfer, the parties and courts will face the burden and expense of:

2

a.  Inconsistent pretrial rulings on substantive matters, including motions to dismiss and/or for summary judgment;

b.  Needlessly duplicative discovery and discovery disputes if motions to dismiss are not granted; and

c.  Requiring defendants to litigate the same issues in two different judicial districts on different schedules.

4.  Transfer of the Actions and any tag-along actions to the Southern District of New York would best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the actions.  These concerns are particularly acute where the duplicative litigation involves derivative actions – shareholder actions purportedly brought on behalf of and for the benefit of the corporation.  Here, the only two federal actions pending outside of the Southern District of New York are two derivative actions which are duplicative of the three derivative actions pending in the Southern District of New York.

5.  New York is the most appropriate venue because, among other things:

a.  Eighteen actions, including the first-filed action, already are pending in the Southern District of New York as of January 9, 2008;

b.  Relevant documents necessary for discovery are located in New York; and

c.  Defendants and their counsel are located in or around New York.

6.  Discovery has not commenced in any of the Related Actions or the Southern District Actions.

WHEREFORE, Merrill Lynch respectfully requests an Order:

(i)  Transferring the Related Actions to the Southern District of New York for coordination or consolidation for pretrial purposes with the Southern District Actions pending there;

    (ii)    Transferring any tag-along actions to the Southern District of New York for coordination or consolidation for pretrial purposes with the actions pending there; and

    (iii)    For such other and further relief as the Panel may deem just and proper.

Date:  New York, New York
       January 9, 2008

Respectfully submitted,

_Jay Kasner / ARC_

Jay B. Kasner
Scott D. Musoff
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Merrill Lynch & Co., Inc.

4

# EXHIBIT A

| MDL-_____- In re Merrill Lynch & Co., Inc. Securities, ERISA and Derivative Litigation | | | |
|---|---|---|---|
| **Case Captions** | **Court** | **Civil Action No.** | **Judge** |
| **Plaintiff:** Life Enrichment Foundation, Individually and On Behalf of All Others Similarly Situated<br>**Defendants:** Merrill Lynch & Co., Inc., E. Stanley O'Neal, Ahmass L. Fakahany, Gregory J. Fleming and Jeffrey N. Edwards | S.D. New York | 07 CV 9633 | Hon. Leonard B. Sand |
| **Plaintiff:** Patricia Arthur, Derivatively on Behalf of Merrill Lynch & Co., Inc.<br>**Defendants:** E. Stanley O'Neal, Ahmass L. Fakahany, Gregory J. Fleming, Jeffrey N. Edwards, Carol T. Christ, Armando D. Codina, Virgis W. Colbert, Alberto Cribiore, John D. Finnegan, Judith Mayhew Jonas, Joseph W. Prueher, Ann N. Reese, Charles O. Rossotti<br>**Nominal Defendant:** Merrill Lynch & Co., Inc. | S.D. New York | 07 CV 9696 | Hon. Leonard B. Sand |
| **Plaintiff:** Michael J. Savena, Individually and On Behalf of All Others Similarly Situated<br>**Defendants:** Merrill Lynch & Co., Inc., E. Stanley O'Neal, Ahmass L. Fakahany, Gregory J. Fleming and Jeffrey N. Edwards | S.D. New York | 07 CV 9837 | Hon. Leonard B. Sand |

| | | | |
|---|---|---|---|
| **Plaintiff:** Miriam Loveman, derivatively and on behalf of Merrill Lynch & Co., Inc. **Defendants:** E. Stanley O'Neal, Ahmass L. Fakahany, Gregory J. Fleming, Jeffrey N. Edwards, Carol T. Christ, Armando D. Codina, Virgis W. Colbert, Alberto Cribiore, John D. Finnegan, Judith Mayhew Jonas, Joseph W. Prueher, Ann N. Reese, Charles O. Rossotti **Nominal Defendant:** Merrill Lynch & Co., Inc. | S.D. New York | 07 CV 9888 | Hon. Leonard B. Sand |
| **Plaintiff:** Elizabeth Estey, Individually and On Behalf of All Others Similarly Situated **Defendants:** Merrill Lynch & Co., Inc., Merrill Lynch & Co., Inc. Plan "Investment Committee", Merrill Lynch & Co., Inc. Plan Administrative Committee, Merrill Lynch & Co., Inc. Management Development and Compensation Committee, Louis DiMaria, E. Stanley O'Neal, Alberto Cribiore, Armando M. Codina, Virgis W. Colbert, John D. Finnegan, Aulana L. Peters and John Does 1-10 | S.D. New York | 07 CV 10268 | Hon. Leonard B. Sand |
| **Plaintiff:** Mary Gidaro, Individually and on behalf of all others similarly situated **Defendants:** Merrill Lynch & Co., Inc., Stan O'Neal, Lou DiMaria, Investment Committee of the Merrill Lynch Savings and Investment Plan, Administrative Committee of the Merrill Lynch Savings and Investment Plan, and John Does 1-30 | S.D. New York | 07 CV 10273 | Hon. Leonard B. Sand |

| | | | |
|---|---|---|---|
| **Plaintiff:** Tara Moore, Individually and On Behalf of All Others Similarly Situated **Defendants:** Merrill Lynch & Co., Inc., Merrill Lynch & Co., Inc. Plan "Investment Committee", Merrill Lynch & Co., Inc. Plan Administrative Committee, Merrill Lynch & Co., Inc. Management Development and Compensation Committee, Louis DiMaria, E. Stanley O'Neal, Alberto Cribiore, Armando M. Codina, Virgis W. Colbert, John D. Finnegan, Aulana L. Peters and John Does 1-10 | S.D. New York | 07 CV 10398 | Hon. Leonard B. Sand |
| **Plaintiff:** Gregory Yashgur, on Behalf of Himself and a Class of Persons Similarly Situated **Defendants:** Merrill Lynch & Co., Inc., Administrative Committee of the Merrill Lynch & Co., Inc. 401(k) Saving and Investment Plan, Louis DiMaria, Stan O'Neal, Alberto Cribiore, Carol T. Christ, Armando M. Codina, Virgis W. Colbert, John D. Finnegan, Judith Mayhew Jonas, Aulana L. Peters, Joseph W. Prueher, Ann N. Reese, and Charles O. Rossotti, and John Does 1-30 | S.D. New York | 07 CV 10569 | Being assigned to Hon. Leonard B. Sand |

| | | | |
|---|---|---|---|
| **Plaintiff:** Christine Donlon, on Behalf of All Others Similarly Situated<br>**Defendants:** Merrill Lynch & Co., Inc., E. Stanley O'Neal, Carol T. Christ, Armando M. Codina, Virgis W. Colbert, Jill K. Conway, Alberto Cribiore, Louis DiMaria, John D. Finnegan, Judith Mayhew Jonas, Aulana L. Peters, Joseph W. Prueher, Ann N. Reese, Charles O. Rossotti, John Does 1-20 (Being Current and Former Members of the Benefits Administration Committee of the Merrill Lynch & Co., Inc. Employee Stock Ownership Plan) and John Does 21-40 (Being Current and Former Members of the Investment Committee of the Merrill Lynch & Co., Inc. Employee Stock Ownership Plan) | S.D. New York | 07 CV 10661 | Hon. Leonard B. Sand |
| **Plaintiff:** Carl Esposito, Individually and On Behalf of All Others Similarly Situated<br>**Defendants:** Merrill Lynch & Co., Inc., E. Stanley O'Neal, Carol T. Christ, Armando M. Codina, Virgis W. Colbert, Jill K. Conway, Alberto Cribiore, John D. Finnegan, Judith Mayhew Jonas, David K. Newbigging, Aulana L. Peters, Joseph W. Prueher, Ann N. Reese, Charles O. Rossotti, Louis DiMaria, Peter Stingi and John and Jane Does 1-20 | S.D. New York | 07 CV 10687 | Being assigned to Hon. Leonard B. Sand |

| | | | |
|---|---|---|---|
| **Plaintiff:** Sean Shaughnessey, individually, on behalf of the Merrill Lynch & Co., Inc. 401(k) Savings and Investment Plan, the Retirement Accumulation Plan, the Employee Stock Ownership Plan and all others similarly situated **Defendants:** Merrill Lynch & Co., Inc.; the Merrill Lynch Trust Company, FSB; Administrative Committee of the Merrill Lynch & Co., Inc. 401(k) Saving and Investment Plan, Louis DiMaria, John Does 1 to 20; the Merrill Lynch & Co., Inc. Investment Committee; John Does 20 to 40; Management Development and Compensation Committee of the Merrill Lynch & Co., Inc. Board of Directors; Armando M. Codina, Virgis W. Colbert, Alberto Cribiore, John D. Finnegan and Aulana L. Peters | S.D. New York | 07 CV 10710 | Being assigned to Hon. Leonard B. Sand |
| **Plaintiff:** Gary Kosseff, Individually and On Behalf of All Others Similarly Situated **Defendants:** Merrill Lynch & Co., Inc., E. Stanley O'Neal, Ahmass L. Fakahany, Gregory J. Fleming and Jeffrey N. Edwards | S.D. New York | 07 CV 10984 | Hon. Leonard B. Sand |
| **Plaintiffs:** Barbara Boland and Anna Molin, individually and on behalf of all others similarly situated **Defendants:** Merrill Lynch & Co., Inc., E. Stanley O'Neal, Carol T. Christ, Armando M. Codina, Virgis W. Colbert, Jill K. Conway, Alberto Cribiore, John D. Finnegan, Judith Mayhew Jonas, David K. Newbigging, Aulana L. Peters, Joseph W. Prueher, Ann N. Reese, Charles O. Rossotti, Louis DiMaria, Peter Stingi and John and Jane Does 1-20 | S.D. New York | 07 CV 11054 | Being assigned to Hon. Leonard B. Sand |

| | | | |
|---|---|---|---|
| **Plaintiff:** Robert R. Garber, Individually and On Behalf of All Others Similarly Situated<br>**Defendants:** Merrill Lynch & Co., Inc., E. Stanley O'Neal, Ahmass L. Fakahany, Gregory J. Fleming and Jeffrey N. Edwards | S.D. New York | 07 CV 11080 | Hon. Leonard B. Sand |
| **Plaintiff:** Operative Plasterers & Cement Masons Local 262 Pension and Annuity Funds, Derivatively On Behalf of Nominal Defendant Merill Lynch & Co., Inc.<br>**Defendants:** E. Stanley O'Neal, Ahmass L. Fakahany, Gregory J. Fleming, Jeffrey N. Edwards, Carol T. Christ, Armando D. Codina, Virgis W. Colbert, Alberto Cribiore, John D. Finnegan, Judith Mayhew Jonas, Joseph W. Prueher, Ann N. Reese, Charles O. Rossotti<br>**Nominal Defendant:** Merrill Lynch & Co., Inc. | S.D. New York | 07 CV 11085 | Hon. Leonard B. Sand |
| **Plaintiff:** Francis Lee Summers, III, individually and on behalf of all others similarly situated<br>**Defendants:** Merrill Lynch & Co., Inc.; Stan O'Neal; Lou DiMaria; Investment Committee of the Merrill Lynch Savings and Investment Plan; Administrative Committee of the Merrill Lynch Savings and Investment Plan; and John Does 1-30 | S.D. New York | 07 CV 11615 | Being assigned to Hon. Leonard B. Sand |
| **Plaintiff:** James Conn, Individually and On Behalf of All Others Similarly Situated<br>**Defendants:** Merrill Lynch & Co., Inc., E. Stanley O'Neal, Jeffrey N. Edwards, Lawrence A. Tosi, Armando M. Codina, Virgis W. Colbert, Alberto Cribiore, John D. Finnegan, Judith Mayhew Jonas, Aulana L. Peters, Joseph W. Prueher, Ann N. Reese, and Charles O. Rossotti | S.D. New York | 07 CV 11626 | Being assigned to Hon. Leonard B. Sand |

| | | | |
|---|---|---|---|
| **Plaintiff:** James Eastman, On Behalf of Himself and All Others Similarly Situated **Defendants:** Merrill Lynch & Co., Inc., E. Stanley O'Neal, Louis DiMaria, Alberto Cribiore, Armando M. Codina, Virgis W. Colbert, John D. Finnegan, Aulana L. Peters, Charles O. Rossotti, Jill K. Conway, Carol T. Christ, Judith Mayhew Jonas, Joseph W. Prueher, Ann N. Reese, David K. Newbigging, Investment Committee of the Merrill Lynch 401(k) Savings and Investment Plan, Administrative Committee of the Merrill Lynch 401(k) Savings and Investment Plan, and John Does 1-20 | S.D. New York | 08 CV 0058 | Being assigned to Hon. Leonard B. Sand |
| **Plaintiff:** Diane Blas, as Trustee of the RAY & VIRGINIA HUNTER INTERVIVOS TRUST, derivatively on behalf of the Nominal Defendant. **Defendants:** E. Stanley O'Neal, Ahmass L. Fakahany, Gregory J. Fleming and Jeffrey N. Edwards **Nominal Defendant:** Merrill Lynch & Co., Inc. | D. Delaware | Case no. 08-15 | TBA |
| **Plaintiff:** David Eidman, Derivatively on Behalf of Merrill Lynch & Co., Inc. **Defendants:** Ernest Stanley O'Neal, Carol T. Christ, Armando M. Codina, Virgis W. Colbert, Alberto Cribiore, John D. Finnegan, Judith Mayhew Jonas, Aulana L. Peters, Joseph W. Prueher, Ann N. Reese, Charles O. Rossotti | D. New Jersey | TBA | TBA |

# EXHIBIT B

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| ———————————————————— ) | | |
| IN RE MERRILL LYNCH & CO., INC. ) | MDL DOCKET NO. _____ | |
| SECURITIES, ERISA AND DERIVATIVE ) | | |
| LITIGATION ) | | |
| ———————————————————— ) | | |

**MEMORANDUM OF LAW IN SUPPORT OF
MERRILL LYNCH & CO., INC.'S
MOTION, PURSUANT TO 28 U.S.C. §1407, FOR
CENTRALIZATION AND TRANSFER
TO THE SOUTHERN DISTRICT OF NEW YORK**

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Jay B. Kasner
Scott D. Musoff
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Merrill Lynch & Co., Inc.

## Table of Contents

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      1.    The Derivative Actions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
      2.    The Federal Securities Actions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
      3.    The ERISA Actions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ALL PENDING ACTIONS SHOULD BE CENTRALIZED IN,
AND THE RELATED ACTIONS SHOULD BE TRANSFERRED
TO, THE SOUTHERN DISTRICT OF NEW YORK . . . . . . . . . . . . . . . . . . . . . . . . 7

I.     The Actions Involve Common Questions of Fact  . . . . . . . . . . . . . . . . . . . . 7

II.    Pretrial Transfer and Coordination Will Advance
       the Just and Efficient Conduct of the Actions . . . . . . . . . . . . . . . . . . . . . . 9
      A.    Transfer Will Avoid Duplication of Discovery . . . . . . . . . . . . . . . . . 10
      B.    Transfer Will Avoid Inconsistent Pretrial Rulings . . . . . . . . . . . . . . . 11
      C.    Transfer Will Conserve the Resources of the Parties and the Judiciary . . . . . . . 12

III.   Transfer to the Southern District of New York Will
       Best Serve the Convenience of the Parties and Witnesses . . . . . . . . . . . . . . . . 13
      A.    Location of Relevant Documents . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
      B.    Location of Key Witnesses and Defendants . . . . . . . . . . . . . . . . . . . 14
      C.    Other Related Factors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## TABLE OF AUTHORITIES

### CASES

In re Air Crash Disaster at Sioux City, Iowa, on July 19, 1989,
128 F.R.D. 131 (J.P.M.L. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

In re American Home Mortgage Securities Litigation,
2007 U.S. Dist. LEXIS 94723 (J.P.M.L. Dec. 19, 2007) . . . . . . . . . . . . . . . .  10, 11,
13, 15

In re Bayou Hedge Funds Invest. Litigation, 429 F. Supp. 2d 1374
(J.P.M.L. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

In re Delphi Corp. Securities, Derivative & "ERISA" Litigation, 403 F.Supp.2d 1358
(J.P.M.L. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

In re Equity Funding Corp. of America Securities Litigation, 375 F. Supp. 1378
(J.P.M.L. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

In re Federal Home Loan Mortgage Corp. Securities & Derivative Litigation (NO. II),
303 F. Supp. 2d 1379 (J.P.M.L. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

In re Federal National Mortgage Association Securities, Derivative &
"ERISA" Litigation, 370 F. Supp. 2d 1359 (J.P.M.L. 2005) . . . . . . . . . . . . . . .   9

In re Four Seasons Securities Laws Litigation, 361 F. Supp. 636 (J.P.M.L. 1973) . . . . .   7

In re General Motors Corp. Securities & Derivative Litigation,
429 F. Supp. 2d 1368 (J.P.M.L. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

In re General Tire & Rubber Co. Securities Litigation, 429 F. Supp. 1032
(J.P.M.L. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

In re LTV Corp. Securities Litigation, 470 F. Supp. 859 (J.P.M.L. 1979) . . . . . . . . . .   14

MacAlister v. Guterma, 263 F.2d 65 (2d Cir. 1958) . . . . . . . . . . . . . . . . . . . . . . . .   12

In re Marsh & McLennan Co., Inc., Securities Litigation, 429 F. Supp. 2d 1376
(J.P.M.L. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

In re Medical Resources, Inc. Securities Litigation, No. 1247,
    1998 U.S. Dist. LEXIS 15832 (J.P.M.L. Oct. 7, 1998) . . . . . . . . . . . . . . . . . . . . 9

In re Merrill Lynch & Co., Inc. Research Reports Securities Litigation,
    223 F. Supp. 2d 1388 (J.P.M.L. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 13

In re  Plumbing Fixture Cases, 295 F. Supp. 33 (J.P.M.L. 1968) . . . . . . . . . . . . . . . . . 9

In re Practice of Naturopathy Litigation, 434 F. Supp. 1240 (J.P.M.L. 1977) . . . . . . . 11

In re Qwest Committee International, Inc., Securities & "ERISA" Litigation (NO.
    II), 444 F. Supp. 2d 1343 (J.P.M.L. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

In re Regents of the University of California, 964 F.2d 1128 (Fed. Cir. 1992) . . . . . . . 10

In re SFBC International, Inc., Securities & Derivative Litigation,
    435 F. Supp. 2d 1355 (J.P.M.L. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 13

In re Salomon Brothers Treasury Securities Litigation, 796 F. Supp. 1537
    (J.P.M.L. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In re Transocean Tender Offer Securities Litigation, 415 F. Supp. 382
    (J.P.M.L. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

In re Veeco Instruments Inc. Securities Litigation, 387 F. Supp. 2d 1365
    (J.P.M.L. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

In re Vonage IPO Securities Litigation, 471 F. Supp. 2d 1354 (J.P.M.L. 2007) . . . . . . . 7

In re Washington Public Power Supply System Securities Litigation,
    568 F. Supp. 1250 (J.P.M.L. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

In re Waste Management, Inc. Securities Litigation, 177 F. Supp. 2d 1373
    (J.P.M.L. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## STATUTES

28 U.S.C. § 1407 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

## MISCELLANEOUS

15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure
    § 3862 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Movant Merrill Lynch & Co., Inc. ("Merrill Lynch") respectfully submits this brief in support of its motion to centralize the actions set forth in the Schedule of Actions attached hereto as Exhibit A (the "Actions") for coordination for pretrial purposes in the United States District Court for the Southern District of New York and, insofar as two actions pending in the United States District Court for the District of Delaware and the District of New Jersey are concerned, transferring those actions to the Southern District of New York.

PRELIMINARY STATEMENT

As with many financial institutions throughout the country, Merrill Lynch has been impacted by recent adverse developments in the credit markets, including those relating to so-called subprime loans.  In the wake of an announcement of its third quarter financial results, Merrill Lynch has been named, as of January 9, 2008, in 20 federal actions alleging violations of the federal securities laws; violations of ERISA; breaches of fiduciary duty, abuse of control and/or corporate waste; and/or seeking indemnification/contribution.  As of the date of this motion, 18 of the 20 federal actions are pending in the United States District Court for the Southern District of New York (the "Southern District Actions"); one action is pending in the United States District Court for District of New Jersey (the "New Jersey Action"); and one action is pending in the United States District Court for the District of Delaware (the "Delaware Action"). The New Jersey Action and the Delaware Action are collectively referred to as the "Related Actions."

As set forth below, centralization of the Actions in, and transfer of the Related Actions to, the Southern District of New York is warranted and necessary for at least three rea-

sons.  First, the Actions are based upon substantially related factual allegations and legal issues.

The Related Actions and Southern District Actions all arise from allegations relating to Merrill

Lynch's exposure to collateralized debt obligations ("CDOs") and subprime loan-related markets;

Merrill Lynch's relevant disclosures related thereto; and the conduct of members of Merrill

Lynch senior management and members of its board of directors.

Second, centralizing all the Actions in the Southern District of New York will

advance the just and efficient conduct of the Actions by avoiding inconsistent pretrial rulings and

duplicative discovery, and conserving the resources of the parties and the judiciary.  If the Ac-

tions are not centralized in one district and coordinated, there will be multiple actions involving

many of the same legal and factual issues pending simultaneously in different places.  These con-

cerns are particularly acute where the duplicative litigation involves derivative actions – share-

holder actions purportedly brought on behalf of and for the benefit of the corporation.  Here, the

only two federal Actions pending outside of the Southern District of New York – the Related

Actions – are two derivative actions which are duplicative of the three derivative actions pending

in the Southern District of New York.

Third, the documentary evidence plaintiffs are likely to seek to obtain, key wit-

nesses and defendants are located in New York, where Merrill Lynch is headquartered.

Accordingly, the Actions should be centralized in, and the Related Actions should

be transferred to, the Southern District of New York for coordination for pretrial purposes.

2

## FACTUAL BACKGROUND

On October 24, 2007, Merrill Lynch announced its third quarter results, including a write-down of $7.9 billion across CDOs and U.S. subprime mortgages. In the days following that announcement, 18 related actions were filed in, or removed to, the Southern District of New York.

The complaints in the Actions allege the same basic facts concerning Merrill Lynch's exposure to the CDO and subprime markets; the alleged issuance of false and misleading information in public filings with the Securities and Exchange Commission and elsewhere relating thereto; and the alleged conduct of Merrill Lynch senior management and board of directors. Of the 18 actions that were commenced in, or removed to, the Southern District of New York: three are derivative actions, five are federal securities laws actions and ten are ERISA actions. They are assigned, or are in the process of being assigned, to the Honorable Leonard B. Sand. More than four weeks after the first action was filed in the Southern District of New York, two additional derivative actions were commenced: one in state court in Delaware and the other in New Jersey. Merrill Lynch removed those actions and now seeks to have them transferred to the Southern District of New York for coordinated pretrial proceedings.

1.     The Derivative Actions

Two purported derivative actions were filed in the Southern District of New York on November 1 and 8, 2007.[1] A third purported derivative action was removed from the

---

[1]     Arthur v. O'Neal, et al., 07 CV 9696 (LBS) (SDNY) and Loveman v. O'Neal, et al., 07
(continued...)

3

Supreme Court of the State of New York to the Southern District of New York on December 7, 2007.[2]  Plaintiffs allege these actions were brought on behalf of and for the benefit of Merrill Lynch against certain members of the board of directors and executive officers.  The challenged conduct allegedly arises from the adverse impact on Merrill Lynch from its exposure to CDO and subprime related markets, as well as the alleged dissemination by Merrill Lynch of false and misleading statements related thereto.  (See Arthur Compl. ¶ 64; Loveman Compl. ¶ 64)

Subsequently, two additional purported derivative actions were commenced in state courts in Delaware and New Jersey asserting nearly identical allegations to the three derivative actions pending in the Southern District of New York.[3]  For example, plaintiff in the New Jersey Action alleges, among other things, that the "Director Defendants should not have allowed this risky exposure and should have seen the red flags associated with maintaining the abnormal CDO positions." (Eidman Compl. ¶ 46)  Plaintiff in the New Jersey Action also alleges, among other things, that "Defendants caused false statements to be issued in SEC filings." (Eidman Compl. ¶ 61).  Plaintiff in the Delaware Action similarly alleges, among other things, that "the defendants, officers and/or directors of the Company breached their fiduciary duties by issuing

---

[1]     (...continued)
        CV 9888 (LBS) (SDNY).

[2]     Operative Plasterers & Cement Masons Local 262 Pension and Annuity Funds v. E. Stanley O'Neal, et al., 07 CV 11085 (LBS) (SDNY) .

[3]     These actions were removed to federal court.  Eidman v. O'Neal, et al., Case No. 08-____ (D.N.J.); Blas v. O'Neal, Case No. 08-15 (D. Del.)

4

materially false and misleading information to the investing public regarding the Company's pro-

jected exposure to sub-prime lending liability."   (Blas Compl. ¶ 1)

2.     The Federal Securities Actions

      Beginning on or about October 30, 2007, five putative federal securities class ac-

tions have been commenced in the Southern District of New York.[4]  The federal securities ac-

tions assert claims against Merrill Lynch and certain officers under Sections 10(b) and 20(a) of

the Securities Exchange Act of 1934, 15 U.S.C. §§78j(b) and (b)(a), and, in one case, Section 11

of the Securities Act of 1933.  The claims are premised upon allegations that "defendants issued

materially false and misleading statements regarding the Company's business" which was "in-

vested heavily into Collateralized Debt obligations ("CDO")."  (See, e.g., Savena Compl. ¶ 3)

3.     The ERISA Actions

      Beginning on or about November 9, 2007, ten putative class actions were com-

menced alleging claims for violations of the Employee Retirement Security Act of 1974

("ERISA") against Merrill Lynch, certain of its directors and officers, and others.[5]

---

[4]     Life Enrichment Foundation v. Merrill Lynch & Co., Inc., et al., 07 CV 9633 (LBS)
(SDNY); Savena v. Merrill Lynch & Co., Inc., et al., 07 CV 9837 (LBS) (SDNY);
Kosseff v. Merrill Lynch & Co., Inc., et al., 07 CV 10984 (LBS) (SDNY); Garber v.
Merrill Lynch & Co., Inc., et al., 07 CV 11080 (LBS) (SDNY); and Conn v. Merrill
Lynch & Co., Inc., et al., 07 CV 11626 (LBS) (SDNY).

[5]     Estey v. Merrill Lynch & Co., Inc., et al., 07 CV 10268 (LBS) (SDNY); Gidaro v. Merrill
Lynch & Co., Inc., et al., 07 CV 10273 (LBS) (SDNY); Moore v. Merrill Lynch & Co.,
Inc., et al., 07 CV 10398 (LBS) (SDNY); Yashgur v. Merrill Lynch & Co., Inc., et al., 07
CV 10569 (JSR)/(LBS) (SDNY); Donlon v. Merrill Lynch & Co., Inc., et al., 07 CV
10661 (LBS) (SDNY); Esposito v. Merrill Lynch & Co., Inc., et al., 07 CV 10687
                                           (continued...)

Plaintiffs' claims are premised, among other things, upon the allegation that "Defendants repeatedly issued inaccurate, incomplete and materially misleading statements to plan participants. Although they knew or should have known that the Company's stock was artificially inflated, due to the Company's mammoth involvement in the securitized subprime mortgage market, Defendants continuously reassured Plan participants and did nothing to protect the heavy investment of their retirement savings in Merrill Lynch stock." (Estey Compl. ¶ 89)

---

[5]   (...continued)
(JGK)/(LBS) (SDNY); Shaughnessy v. Merrill Lynch & Co., Inc., et al., 07 CV 10710 (GEL)/ (LBS) (SDNY); Boland v. Merrill Lynch & Co., Inc., et al., 07 CV 11054 (MGC)/ (LBS) (SDNY); Summers v. Merrill Lynch & Co., Inc., et al., 07 CV 11615 (LBS) (SDNY); and Eastman v. Merrill Lynch & Co., Inc., et al., 08 CV 0058 (LBS) (SDNY).

**ARGUMENT**

ALL PENDING ACTIONS SHOULD BE CENTRALIZED IN,
AND THE RELATED ACTIONS SHOULD BE TRANSFERRED
TO, THE SOUTHERN DISTRICT OF NEW YORK

The Multidistrict Litigation Act, 28 U.S.C. § 1407, sets forth three requirements

for transfer.  The transfer must:  (i) involve actions having one or more common questions of

fact; (ii) further the "just and efficient conduct" of the actions; and (iii) promote "the convenience

of parties and witnesses."  28 U.S.C. § 1407(a).  All three criteria weigh heavily in favor of cen-

tralizing these Actions to the Southern District of New York for all pretrial purposes.

**I.    The Actions Involve
        Common Questions of Fact**

The Judicial Panel for Multidistrict Litigation regularly transfers actions which

involve common questions of fact, as do the Actions here.  See, e.g., In re Vonage IPO Sec.

Litig., 471 F. Supp. 2d 1354 (J.P.M.L. 2007); In re Qwest Comm. Int'l, Inc., Sec. & "ERISA"

Litig. (NO. II), 444 F. Supp. 2d 1343 (J.P.M.L. 2006); In re SFBC Int'l, Inc., Sec. & Deriv. Litig.,

435 F. Supp. 2d 1355 (J.P.M.L. 2006); In re Waste Mgmt., Inc. Sec. Litig., 177 F. Supp. 2d 1373

(J.P.M.L. 2001) (centralization of securities actions warranted where actions shared allegations

concerning misrepresentations or omissions about financial condition); In re Wash. Pub. Power

Supply Sys. Sec. Litig., 568 F. Supp. 1250 (J.P.M.L. 1983); In re Four Seasons Sec. Laws Litig.,

361 F. Supp. 636 (J.P.M.L. 1973) (federal and state claims transferred); 15 Charles Alan Wright

& Arthur R. Miller, Federal Practice and Procedure § 3862 (noting that Section 1407 was specifi-

cally contemplated to deal with actions alleging securities law violations and citing the House of Representatives Report that accompanied the legislation).

The standard for transfer does not require the existence of identical – or even a preponderance of – common issues of fact before a transfer is warranted. See In re Med. Res., Inc. Sec. Litig., No. 1247, 1998 U.S. Dist. LEXIS 15832, at *3 (J.P.M.L. Oct. 7, 1998) ("transfer under Section 1407 does not require a complete identity or even majority of common issues as a prerequisite to transfer"); see also In re Federal Nat'l Mortgage Ass'n Sec., Deriv. & "ERISA" Litig., 370 F. Supp. 2d 1359, 1361 (J.P.M.L. 2005) (the type of action is immaterial so long as it is one of a type that "can be expected to focus on a significant number of common events, defendants, and/or witnesses").

Here, the Actions are all premised upon common alleged facts — Merrill Lynch's alleged conduct in connection with its exposure to the CDO and subprime markets and the alleged issuance of false and misleading statements and filings related to such exposure. Plaintiffs essentially assert that after purportedly increasing inappropriately its exposure to the CDO and so-called subprime related markets, Merrill Lynch allegedly failed adequately to disclose such exposure and purportedly failed to take appropriate risk measures to mitigate its exposure to the subprime housing market.

That the Actions do not all bring identical claims is of no moment. The actions need not rest upon identical legal theories. As explained by the Panel:

> The concept of transferring actions, sharing one or more common questions of fact but resting upon different legal theories, to a single district and assigning them to the same judge is not new to the Panel. We have always been at pains to

8

leave the extent of coordination or consolidation to the ingenuity and resourceful-
ness of the transferee judge.

In re Equity Funding Corp. of Am. Sec. Litig., 375 F. Supp. 1378, 1384 (J.P.M.L. 1974); see also

In re Gen. Motors Corp. Sec. & Deriv. Litig., 429 F. Supp. 2d 1368, 1369 (J.P.M.L. 2006) (find-

ing transfer appropriate even where the different actions necessarily involved differing factual

inquiries); In re Delphi Corp. Sec., Deriv. & "ERISA" Litig. 403 F. Supp. 2d 1358 (J.P.M.L.

2005); In re Salomon Bros. Treasury Sec. Litig., 796 F. Supp. 1537, 1538 (J.P.M.L. 1992) (trans-

ferring action with common factual issues despite recognizing that "[l]egal theories . . . vary

among the actions, with some actions raising claims not common to all actions"); In re Plumbing

Fixture Cases, 295 F. Supp. 33, 33-34 (J.P.M.L. 1968) (finding transfer appropriate even where

there was no commonality of parties or the types of discovery needed for each of the defendants).

Similarly, that some of the Actions contain state law claims or additional defendants should not

alter the Panel's analysis because common questions of fact exist.  See, e.g., In re Gen. Motors,

429 F. Supp. 2d at 1368 (transferring action with common factual issues even though some plain-

tiffs brought action under federal securities laws while others brought common-law shareholder

derivative actions).

## II.    Pretrial Transfer and Coordination Will Advance
##        the Just and Efficient Conduct of the Actions

Where, as here, numerous complex actions are pending that present common is-

sues of fact, transfer pursuant to Section 1407 is not just warranted, it is "necessary in order to

eliminate duplicative discovery, prevent inconsistent pretrial rulings . . . , and conserve the re-

sources of the parties, their counsel and the judiciary." In re Merrill Lynch & Co., Inc. Research

Reports Sec. Litig., 223 F. Supp. 2d 1388, 1389 (J.P.M.L. 2002) (emphasis added).

    A.    Transfer Will Avoid Duplication of Discovery

        Panels regularly transfer actions to avoid subjecting defendants to overlapping

discovery in similar actions pending in multiple forums. See In re Am. Home Mortgage Sec.

Litig., 2007 U.S. Dist. LEXIS 94723, at *2 (J.P.M.L. Dec. 19, 2007) ("Centralization under Sec-

tion 1407 will eliminate duplicative discovery"); In re Regents of the Univ. of Cal., 964 F.2d

1128, 1135-36 (Fed. Cir. 1992) (upholding the decision of the Panel to transfer for consolidated

or coordinated pretrial proceedings where, among other things, the Panel relied on need for depo-

sitions common to all actions); In re Gen. Tire & Rubber Co. Sec. Litig., 429 F. Supp. 1032,

1034 (J.P.M.L. 1977) (placing actions "under the control of a single judge" in order to "ensure

that duplicative discovery on the complex factual questions will be prevented" and "eliminat[e]

the possibility of conflicting pretrial rulings").

        Here, if the Actions are not dismissed on motion, plaintiffs in each of the Actions

that proceed will almost certainly seek overlapping discovery.  In addition to the similarities of

the basic factual allegations, the duplicative nature of the claims brought by the Actions could

result in overlapping discovery.  Plaintiffs will likely seek documents from, and depositions of,

many of the same witnesses, most of whom reside or work in New York where Merrill Lynch is

headquartered.  Moreover, to the extent there are any discovery disputes over such requests or

any others, coordination will avoid the risk of inconsistent discovery rulings.

B.    <u>Transfer Will Avoid Inconsistent Pretrial Rulings</u>

Transfer is also warranted to avoid potentially conflicting pretrial rulings.  <u>See,</u> <u>e.g.</u>, <u>In re Am. Home Mortgage Sec. Litig.</u>, 2007 U.S. Dist. LEXIS 94723, at *2; <u>In re Merrill</u> <u>Lynch</u>, 223 F. Supp. 2d at 1389 (among other reasons, centralization necessary to prevent inconsistent pretrial rulings); <u>In re Transocean Tender Offer Sec. Litig.</u>, 415 F. Supp. 382, 384 (J.P.M.L. 1976).

Given the overlap of issues in the Actions, there exists a significant risk of conflicting decisions which could be avoided by coordinating all the Actions before a single court.  It is anticipated that defendants will move to dismiss the complaints in most, if not all, of the Actions.  <u>See</u> <u>In re Practice of Naturopathy Litig.</u>, 434 F. Supp. 1240, 1243 (J.P.M.L. 1977) (transfer is not "premature because of the defendants' desire to challenge sufficiency of the complaints;" noting that, "presentation of these matters to a single judge will further the purposes of Section 1407").  If these motions are not granted in their entirety, other dispositive motions, such as for class certification and summary judgment, would also be premised on overlapping legal and factual issues.  Absent transfer under Section 1407, there would be a strong potential for inconsistent rulings by the  different district courts.  <u>See, e.g.</u>, <u>In re Transocean</u>, 415 F. Supp. at 384 ("[T]he likelihood of motions for partial dismissal and summary judgment in all three actions grounded at least in part on [a common issue] makes Section 1407 treatment additionally necessary to prevent conflicting pretrial rulings and conserve judicial effort.").

C.    Transfer Will Conserve the Resources of the Parties and the Judiciary

Transferring the Actions to the Southern District of New York will also conserve the resources of the parties and the judiciary. Absent transfer, the parties will be forced simultaneously to litigate the same issues in separate judicial districts, resulting in a significant increase in burden and expense. Moreover, repetitive – and potentially conflicting – adjudications concerning substantially similar discovery disputes and other pretrial motions would constitute a waste of judicial resources, particularly when a straightforward transfer can prevent such waste. In the absence of the coordination of these actions in one district, full development of each of the Actions will require that several judges (i) become familiar with, inter alia, the factual background, structure and allegations related to not only Merrill Lynch's exposure to the CDO and so-called subprime related markets, but that of Wall Street as a whole; and (ii) resolve and rule upon complex factual and legal issues. Furthermore, the Actions can be coordinated easily because discovery has not commenced in any of the Actions.

These issues are of even greater concern when derivative actions are involved. In a derivative action, the plaintiff purports to bring the action on behalf of and for the benefit of the corporation. To force the corporation to defend nearly identical derivative actions in multiple forums would be an utter waste of corporate resources – the very resources plaintiff purports to seek to protect. See, e.g., MacAlister v. Guterma, 263 F.2d 65, 68 (2d Cir. 1958) (derivative actions often call for "special treatment" because the cost of defending multiple suits by stockholders "may well do serious harm to the very corporation in whose interest they are supposedly brought"). Here, the only two federal actions pending outside the Southern District of New York

12

are derivative actions – one in the District of Delaware and one in the District of New Jersey.

Accordingly, the transfer of those two actions to the Southern District of New York will conserve

the resources of the judiciary, Merrill Lynch and the other parties.

## III.    Transfer to the Southern District of New York Will Best Serve the Convenience of the Parties and Witnesses

The selection of a transferee forum also depends upon the location of documents

and witnesses, and the residence and location of defendants.  See In re Merrill Lynch, 223 F.

Supp. 2d at 1390 (recognizing the importance of a "conveniently located" forum  in transferring

actions under Section 1407); In re Fed. Home Loan Mortgage Corp. Sec. & Deriv. Litig. (No. II),

303 F. Supp. 2d 1379, 1380 (J.P.M.L. 2004) (transferring litigation to a "readily accessible" dis-

trict).  These factors compel transfer to the Southern District of New York.  Absent such transfer

and coordination, the movement of people and documents that would be required for the full de-

velopment of each action would involve exponential expense and would threaten to disrupt

Merrill Lynch's business.

### A.    Location of Relevant Documents

Most, if not all, of the relevant documents are located in New York.  The relevant

Merrill Lynch documents will be found in New York City where Merrill Lynch is headquartered.

See In re Am. Home Mortgage Sec. Litig, 2007 U.S. Dist. LEXIS 94723, at *2-3 (transfer to dis-

trict where corporate defendant "was headquartered" since "relevant documents and witnesses

may be found there"); In re SFBC Int'l, Inc., Sec. & Deriv. Litig., 435 F. Supp. 2d at 1356 (trans-

fer to district where the defendant is headquartered because "relevant documents and witnesses

13

may be found" there); In re LTV Corp. Sec. Litig., 470 F. Supp. 859, 862 (J.P.M.L. 1979) (transfer to district because it is the location where defendant has headquarters and therefore the location also of relevant files, officers, directors and employees); In re Air Crash Disaster at Sioux City, Iowa, on July 19, 1989, 128 F.R.D. 131, 132 (J.P.M.L. 1989) ("relevant documents can likely be found within this district at [defendant's] headquarters"); In re Marsh & McLennan Co., Inc., Sec. Litig., 429 F. Supp. 2d 1376, 1378 (J.P.M.L. 2006) (finding that the district in which the defendants were headquartered was a "likely source of relevant documents and witnesses.").

      B.      Location of Key Witnesses and Defendants

      In addition, most of the key witnesses either live or work in New York. Current Merrill Lynch executives and employees who are likely to be deposed work, for the most part, at Merrill Lynch offices in New York, New York. Accordingly, the convenience of the parties and witnesses will best be served if all actions proceed in the Southern District of New York.

      C.      Other Related Factors

      Other factors that compel transfer to the Southern District of New York include the location of the district with the closest relationship to the litigation, the location where the first action was filed, the location of counsel and the accessibility of the Southern District of New York. See In re Bayou Hedge Funds Invest. Litig., 429 F. Supp. 2d 1374, 1376 (J.P.M.L. 2006) (transferring action to district with the strongest relationship to the litigation by virtue of the fact that governmental actions also were taking place in that district); In re Veeco Instruments Inc. Sec. Litig., 387 F. Supp. 2d 1365, 1366 (J.P.M.L. 2005) (transferring actions to forum where the first-filed action was pending).

14

Not only is the headquarters of Merrill Lynch located in New York, but that the Southern District of New York has the closest relationship to the litigation is demonstrated by plaintiffs themselves.  The first action, <u>Life Enrichment Foundation  v. Merrill Lynch & Co.</u>, No. 07 CV 9633 (LBS), was filed on or about October 30, 2007 there.  Subsequently, 17 others were filed in the Southern District of New York.  It was more than five weeks before these Related Actions were filed in Delaware and New Jersey.   Therefore, the Southern District of New York is by far the district with the strongest connection to the litigation.  <u>See, e.g.</u> <u>In re Am. Home Mortgage Sec. Litig.</u>, 2007 U.S. Dist. LEXIS 94723, at *2-3 (transfer of single action pending in Florida to Eastern District of New York where eighteen other actions were pending).

Moreover, the plaintiffs in both the New Jersey Action and the Delaware Action have New York counsel.  In any event, the Southern District of New York is also easily accessible to out of state counsel.  The Southern District of New York is located in Manhattan, only about 10-12 miles from Newark, New Jersey and a 1.5 hour train ride from Wilmington, Delaware.

## **CONCLUSION**

For all the foregoing reasons, Merrill Lynch respectfully requests that the Panel

grant its Motion for Transfer and issue an Order centralizing the Actions in, and transferring the

Related Actions to, the Southern District of New York for coordination of pretrial proceedings.

Dated: New York, New York
      January 9, 2008

Respectfully submitted,

_Jay Kasner /ARC/_

Jay B. Kasner
Scott D. Musoff
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Merrill Lynch & Co., Inc.

16

# EXHIBIT A

| MDL-_____- In re Merrill Lynch & Co., Inc. Securities, ERISA and Derivative Litigation | | | |
|---|---|---|---|
| **Case Captions** | **Court** | **Civil Action No.** | **Judge** |
| **Plaintiff:** Life Enrichment Foundation, Individually and On Behalf of All Others Similarly Situated<br>**Defendants:** Merrill Lynch & Co., Inc., E. Stanley O'Neal, Ahmass L. Fakahany, Gregory J. Fleming and Jeffrey N. Edwards | S.D. New York | 07 CV 9633 | Hon. Leonard B. Sand |
| **Plaintiff:** Patricia Arthur, Derivatively on Behalf of Merrill Lynch & Co., Inc.<br>**Defendants:** E. Stanley O'Neal, Ahmass L. Fakahany, Gregory J. Fleming, Jeffrey N. Edwards, Carol T. Christ, Armando D. Codina, Virgis W. Colbert, Alberto Cribiore, John D. Finnegan, Judith Mayhew Jonas, Joseph W. Prueher, Ann N. Reese, Charles O. Rossotti<br>**Nominal Defendant:** Merrill Lynch & Co., Inc. | S.D. New York | 07 CV 9696 | Hon. Leonard B. Sand |
| **Plaintiff:** Michael J. Savena, Individually and On Behalf of All Others Similarly Situated<br>**Defendants:** Merrill Lynch & Co., Inc., E. Stanley O'Neal, Ahmass L. Fakahany, Gregory J. Fleming and Jeffrey N. Edwards | S.D. New York | 07 CV 9837 | Hon. Leonard B. Sand |

| | | | |
|---|---|---|---|
| **Plaintiff:** Miriam Loveman, derivatively and on behalf of Merrill Lynch & Co., Inc. **Defendants:** E. Stanley O'Neal, Ahmass L. Fakahany, Gregory J. Fleming, Jeffrey N. Edwards, Carol T. Christ, Armando D. Codina, Virgis W. Colbert, Alberto Cribiore, John D. Finnegan, Judith Mayhew Jonas, Joseph W. Prueher, Ann N. Reese, Charles O. Rossotti **Nominal Defendant:** Merrill Lynch & Co., Inc. | S.D. New York | 07 CV 9888 | Hon. Leonard B. Sand |
| **Plaintiff:** Elizabeth Estey, Individually and On Behalf of All Others Similarly Situated **Defendants:** Merrill Lynch & Co., Inc., Merrill Lynch & Co., Inc. Plan "Investment Committee", Merrill Lynch & Co., Inc. Plan Administrative Committee, Merrill Lynch & Co., Inc. Management Development and Compensation Committee, Louis DiMaria, E. Stanley O'Neal, Alberto Cribiore, Armando M. Codina, Virgis W. Colbert, John D. Finnegan, Aulana L. Peters and John Does 1-10 | S.D. New York | 07 CV 10268 | Hon. Leonard B. Sand |
| **Plaintiff:** Mary Gidaro, Individually and on behalf of all others similarly situated **Defendants:** Merrill Lynch & Co., Inc., Stan O'Neal, Lou DiMaria, Investment Committee of the Merrill Lynch Savings and Investment Plan, Administrative Committee of the Merrill Lynch Savings and Investment Plan, and John Does 1-30 | S.D. New York | 07 CV 10273 | Hon. Leonard B. Sand |

| | | | |
|---|---|---|---|
| **Plaintiff:** Tara Moore, Individually and On Behalf of All Others Similarly Situated<br>**Defendants:** Merrill Lynch & Co., Inc., Merrill Lynch & Co., Inc. Plan "Investment Committee", Merrill Lynch & Co., Inc. Plan Administrative Committee, Merrill Lynch & Co., Inc. Management Development and Compensation Committee, Louis DiMaria, E. Stanley O'Neal, Alberto Cribiore, Armando M. Codina, Virgis W. Colbert, John D. Finnegan, Aulana L. Peters and John Does 1-10 | S.D. New York | 07 CV 10398 | Hon. Leonard B. Sand |
| **Plaintiff:** Gregory Yashgur, on Behalf of Himself and a Class of Persons Similarly Situated<br>**Defendants:** Merrill Lynch & Co., Inc., Administrative Committee of the Merrill Lynch & Co., Inc. 401(k) Saving and Investment Plan, Louis DiMaria, Stan O'Neal, Alberto Cribiore, Carol T. Christ, Armando M. Codina, Virgis W. Colbert, John D. Finnegan, Judith Mayhew Jonas, Aulana L. Peters, Joseph W. Prueher, Ann N. Reese, and Charles O. Rossotti, and John Does 1-30 | S.D. New York | 07 CV 10569 | Being assigned to Hon. Leonard B. Sand |

| | | | |
|---|---|---|---|
| **Plaintiff:** Christine Donlon, on Behalf of All Others Similarly Situated<br>**Defendants:** Merrill Lynch & Co., Inc., E. Stanley O'Neal, Carol T. Christ, Armando M. Codina, Virgis W. Colbert, Jill K. Conway, Alberto Cribiore, Louis DiMaria, John D. Finnegan, Judith Mayhew Jonas, Aulana L. Peters, Joseph W. Prueher, Ann N. Reese, Charles O. Rossotti, John Does 1-20 (Being Current and Former Members of the Benefits Administration Committee of the Merrill Lynch & Co., Inc. Employee Stock Ownership Plan) and John Does 21-40 (Being Current and Former Members of the Investment Committee of the Merrill Lynch & Co., Inc. Employee Stock Ownership Plan) | S.D. New York | 07 CV 10661 | Hon. Leonard B. Sand |
| **Plaintiff:** Carl Esposito, Individually and On Behalf of All Others Similarly Situated<br>**Defendants:** Merrill Lynch & Co., Inc., E. Stanley O'Neal, Carol T. Christ, Armando M. Codina, Virgis W. Colbert, Jill K. Conway, Alberto Cribiore, John D. Finnegan, Judith Mayhew Jonas, David K. Newbigging, Aulana L. Peters, Joseph W. Prueher, Ann N. Reese, Charles O. Rossotti, Louis DiMaria, Peter Stingi and John and Jane Does 1-20 | S.D. New York | 07 CV 10687 | Being assigned to Hon. Leonard B. Sand |

| | | | |
|---|---|---|---|
| **Plaintiff:** Sean Shaughnessey, individually, on behalf of the Merill Lynch & Co., Inc. 401(k) Savings and Investment Plan, the Retirement Accumulation Plan, the Employee Stock Ownership Plan and all others similarly situated<br>**Defendants:** Merrill Lynch & Co., Inc.; the Merrill Lynch Trust Company, FSB; Administrative Committee of the Merrill Lynch & Co., Inc. 401(k) Saving and Investment Plan, Louis DiMaria, John Does 1 to 20; the Merrill Lynch & Co., Inc. Investment Committee; John Does 20 to 40; Management Development and Compensation Committee of the Merrill Lynch & Co., Inc. Board of Directors; Armando M. Codina, Virgis W. Colbert, Alberto Cribiore, John D. Finnegan and Aulana L. Peters | S.D. New York | 07 CV 10710 | Being assigned to Hon. Leonard B. Sand |
| **Plaintiff:** Gary Kosseff, Individually and On Behalf of All Others Similarly Situated<br>**Defendants:** Merrill Lynch & Co., Inc., E. Stanley O'Neal, Ahmass L. Fakahany, Gregory J. Fleming and Jeffrey N. Edwards | S.D. New York | 07 CV 10984 | Hon. Leonard B. Sand |
| **Plaintiffs:** Barbara Boland and Anna Molin, individually and on behalf of all others similarly situated<br>**Defendants:** Merrill Lynch & Co., Inc., E. Stanley O'Neal, Carol T. Christ, Armando M. Codina, Virgis W. Colbert, Jill K. Conway, Alberto Cribiore, John D. Finnegan, Judith Mayhew Jonas, David K. Newbigging, Aulana L. Peters, Joseph W. Prueher, Ann N. Reese, Charles O. Rossotti, Louis DiMaria, Peter Stingi and John and Jane Does 1-20 | S.D. New York | 07 CV 11054 | Being assigned to Hon. Leonard B. Sand |

| | | | |
|---|---|---|---|
| **Plaintiff:** Robert R. Garber, Individually and On Behalf of All Others Similarly Situated<br>**Defendants:** Merrill Lynch & Co., Inc., E. Stanley O'Neal, Ahmass L. Fakahany, Gregory J. Fleming and Jeffrey N. Edwards | S.D. New York | 07 CV 11080 | Hon. Leonard B. Sand |
| **Plaintiff:** Operative Plasterers & Cement Masons Local 262 Pension and Annuity Funds, Derivatively On Behalf of Nominal Defendant Merill Lynch & Co., Inc.<br>**Defendants:** E. Stanley O'Neal, Ahmass L. Fakahany, Gregory J. Fleming, Jeffrey N. Edwards, Carol T. Christ, Armando D. Codina, Virgis W. Colbert, Alberto Cribiore, John D. Finnegan, Judith Mayhew Jonas, Joseph W. Prueher, Ann N. Reese, Charles O. Rossotti<br>**Nominal Defendant:** Merrill Lynch & Co., Inc. | S.D. New York | 07 CV 11085 | Hon. Leonard B. Sand |
| **Plaintiff:** Francis Lee Summers, III, individually and on behalf of all others similarly situated<br>**Defendants:** Merrill Lynch & Co., Inc.; Stan O'Neal; Lou DiMaria; Investment Committee of the Merrill Lynch Savings and Investment Plan; Administrative Committee of the Merrill Lynch Savings and Investment Plan; and John Does 1-30 | S.D. New York | 07 CV 11615 | Being assigned to Hon. Leonard B. Sand |
| **Plaintiff:** James Conn, Individually and On Behalf of All Others Similarly Situated<br>**Defendants:** Merrill Lynch & Co., Inc., E. Stanley O'Neal, Jeffrey N. Edwards, Lawrence A. Tosi, Armando M. Codina, Virgis W. Colbert, Alberto Cribiore, John D. Finnegan, Judith Mayhew Jonas, Aulana L. Peters, Joseph W. Prueher, Ann N. Reese, and Charles O. Rossotti | S.D. New York | 07 CV 11626 | Being assigned to Hon. Leonard B. Sand |

| | | | |
|---|---|---|---|
| **Plaintiff:** James Eastman, On Behalf of Himself and All Others Similarly Situated **Defendants:** Merrill Lynch & Co., Inc., E. Stanley O'Neal, Louis DiMaria, Alberto Cribiore, Armando M. Codina, Virgis W. Colbert, John D. Finnegan, Aulana L. Peters, Charles O. Rossotti, Jill K. Conway, Carol T. Christ, Judith Mayhew Jonas, Joseph W. Prueher, Ann N. Reese, David K. Newbigging, Investment Committee of the Merrill Lynch 401(k) Savings and Investment Plan, Administrative Committee of the Merrill Lynch 401(k) Savings and Investment Plan, and John Does 1-20 | S.D. New York | 08 CV 0058 | Being assigned to Hon. Leonard B. Sand |
| **Plaintiff:** Diane Blas, as Trustee of the RAY & VIRGINIA HUNTER INTERVIVOS TRUST, derivatively on behalf of the Nominal Defendant. **Defendants:** E. Stanley O'Neal, Ahmass L. Fakahany, Gregory J. Fleming and Jeffrey N. Edwards **Nominal Defendant:** Merrill Lynch & Co., Inc. | D. Delaware | Case no. 08-15 | TBA |
| **Plaintiff:** David Eidman, Derivatively on Behalf of Merrill Lynch & Co., Inc. **Defendants:** Ernest Stanley O'Neal, Carol T. Christ, Armando M. Codina, Virgis W. Colbert, Alberto Cribiore, John D. Finnegan, Judith Mayhew Jonas, Aulana L. Peters, Joseph W. Prueher, Ann N. Reese, Charles O. Rossotti | D. New Jersey | TBA | TBA |